PER CURIAM.
Mack was found at the scene of an accident involving his employer’s truck, which had been reported as stolen. Eyewitness testimony placed him behind the wheel of the truck a short while earlier at the employer’s place of business. His supervisor had previously denied him permission to use the truck to pick up something for lunch. No one testified, however, to actually seeing him drive the truck, and no one testified that he was even seen in the truck at the scene of the accident. He was indisputably, however, at the scene moments after the accident occurred.
The issue on appeal is whether the trial judge should have granted his motion for a judgment of acquittal. Under the well known standard of State v. Law, 559 So.2d 187 (Fla.1989) — if the state fails to adduce evidence that is inconsistent with the defendant’s hypothesis of innocence, the motion must be granted — we conclude that there is circumstantial evidence of guilt that the jury could have believed to convict.
Mack’s presence in the truck after his employer had told him he could not use the truck to get lunch, and his presence at the scene just seconds after the accident and after the truck had unauthorizedly left the employer’s premises, permitted the jury to infer that he was the driver of the truck at the time of the accident and thus guilty of stealing it.
AFFIRMED.
DELL, GUNTHER and FARMER, JJ., concur.